Matter of Bajraktari Realty Corp. v Soliman (2024 NY Slip Op 00261)

Matter of Bajraktari Realty Corp. v Soliman

2024 NY Slip Op 00261

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Index No. 806662/21 Appeal No. 1508 Case No. 2022-02151 

[*1]In the Matter of Bajraktari Realty Corp., et al., Petitioners-Appellants,
v
Sherif Soliman etc., et al., Respondents-Respondents.

Goldberg & Bokor LLP, Cedarhurst (Scott Goldberg of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (John D'Baptist of counsel), for respondents.

Judgment, Supreme Court, Bronx County (Paul L. Alpert, J.), entered April 26, 2022, granting respondents' cross-motion to dismiss the petition, which sought to annul Department of Finance (DOF)'s January 15, 2021 determination denying petitioners' application to correct an alleged clerical error of failing to issue a J-51 tax exemption after petitioners completed window replacement in their residential building and sought to compel DOF to place a physical increase on the property, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court correctly held that petitioners' application, challenging the alleged "'overassessment of a specific property that necessarily involved the mental observations and judgment of individual assessors in placing a value on [their] improvement costs'" (Matter of 9 Orchard Partners, LLC v New York City Dept. of Fin., 204 AD3d 527, 528 [1st Dept 2022], quoting Matter of Kraebel v New York City Dept. of Fin., 217 AD2d 416, 416 [1st Dept 1995] [dismissing article 78 challenge involving J-51 exemptions]), is reviewable exclusively under RPTL article 7 (see Matter of 9 Orchard Partners, 204 AD3d at 528, quoting City of Mount Vernon v State Bd. of Equalization & Assessment, 44 NY2d 960, 962 [1978]).
Alternatively, petitioners fail to demonstrate that DOF's determination, that there was no clerical error or error of description, was arbitrary and capricious (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see also Administrative Code of City of NY § 11-206). As to clerical errors, petitioners do not cite any evidence in the record showing that they presented their J-51 certificate of eligibility to DOF for consideration, leading to DOF's failure to process a partial exemption (RPTL 550[2][c]; 19 RCNY 53-02[a][1]; see RPTL § 489[1][a], [9][a]; Administrative Code of City of NY § 11-243[b][6]). As to errors of description, petitioners fail to show that a "[p]hysical change [was] not put on the assessment roll," as physical change means an increase or decrease in the assessment attributable to the alterations made, and there is no dispute that the assessor did not issue such an increase (19 RCNY 53-02[b][2]). In essence, petitioners assert an "[i]ncorrect calculation of exemption based on error in application of the statute," which is not grounds for a clerical error or error in description correction (19 RCNY 53-02[c][4]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024